**STATE of Minnesota, Respondent,**

v.

**Robert Albert WYATT,
petitioner, Appellant.**

**No. C1–83–1060.**

Supreme Court of Minnesota.

Feb. 8, 1985.

Samuel H. Bellman, Eli C. Levenstein, Minneapolis, for appellant.

Robert J. Alfton, Edward C. Vavreck, Sr., Minneapolis, for respondent.

**OPINION**

TODD, Justice.

Robert Wyatt was convicted of violating a Minneapolis ordinance which prohibits unlicensed taxicabs from soliciting or picking up business. After delivering a passenger from the suburbs to Minneapolis, Wyatt

picked up a passenger for return to the suburbs. Both fares were obtained as a result of a prior arrangement made outside the city of Minneapolis. Wyatt's conviction was affirmed by a three-judge district court panel. We granted review and now reverse.

The facts of this case are not in dispute. Town Taxicabs is a taxicab company licensed to do business in all of the suburban communities immediately surrounding the city of Minneapolis. Town Taxicabs is not licensed in the city of Minneapolis, nor are any of its drivers or vehicles. (Town Taxicab does not own its vehicles; all are individually owned by drivers.)

On July 28, 1981, Robert Wyatt drove his Town Taxicab into downtown Minneapolis to deliver a fare from a suburb in which Town Taxicabs was licensed. While still in the downtown area, Wyatt received a radio call instructing him to pick up an elderly customer at the Medical Arts Building in downtown Minneapolis, and to deliver him to a nursing home in the suburbs. Wyatt was correctly informed that this customer was being transported as part of a pre-arranged, round trip fare under an agreement between Town Taxicabs and a social service agency. That customer had been delivered earlier in the day to the Medical Arts Building from his suburban nursing home by a different Town Taxicab. In response to that radio dispatch, Wyatt picked up the customer. He was subsequently tagged by the Minneapolis Police for violating Minneapolis Ordinance § 341.-90, to-wit, soliciting or picking up business on the streets of Minneapolis without a license.

The applicable portion of the ordinance in question provides:

> Any taxicab licensed to operate in another city * * * may carry passengers from said city where so licensed to any place or point within the City of Minneapolis, * * * *but neither the owner nor operator of such vehicle shall be permitted to solicit or pick up business on the streets of Minneapolis* * * * without being licensed under the provisions of this article.

Minneapolis Ordinance § 341.490. (Emphasis added.)

On these facts, the trial court found Wyatt guilty of violating the ordinance. His conviction was sustained by a three-judge district court panel. Wyatt challenged both the applicability and the constitutionality of the ordinance before the trial court and the appellate panel. The issues before us are:

1. Whether defendant violated the ordinance?

2. Whether the ordinance is unconstitutional?

1. Minneapolis Ordinance § 341.90 prohibits an unlicensed taxicab from either "soliciting" or "picking up" business within the Minneapolis city limits. We interpret the ordinance language, "pick up business," as intended to preclude unlicensed taxicabs from being hailed by potential customers with whom no prior arrangements outside of Minneapolis have been made. The fare Wyatt "picked up" in Minneapolis, however, had previously made such an arrangement. Since this fare was indisputably not "solicited" within Minneapolis, Wyatt did not violate the ordinance and his conviction cannot stand.

2. Having disposed of this case on a factual basis, we need not consider the constitutional challenge.

Reversed.